UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PETER C. TAYLOR,

          Plaintiff,          Case No. 18-10610-BC

v.                                     Hon. Thomas L. Ludington

SGT. KARAZIA, et al,

          Defendants.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH**

Plaintiff Peter C. Taylor, a state inmate incarcerated at the Bellemy Creek Correctional Facility, has filed a pro se complaint pursuant to 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the Complaint, the Court summarily dismisses the case.

**I.**

Plaintiff is incarcerated as a result of his Wayne Circuit Court conviction for second-degree murder and commission of a felony with a firearm. Petitioner was a police officer who shot to death an individual outside a roller skating rink in Livonia, Michigan. Facts surrounding his conviction can be found in the opinion denying his federal petition for a writ of habeas corpus. See *Taylor v. McKee*, 2007 WL 4171260 (E.D. Mich. Nov. 20, 2007).

The complaint names Sgt. Karazia, an employee of the Michigan State Police Crime Lab, the Lab itself, and the "City of Detroit Prosecutor's Office," as Defendants. The complaint makes allegations regarding the misconduct of the Defendants during the investigation and prosecution of his state criminal trial. He asserts Karazia presented false or mislabeled evidence. He asserts

that the trial judge and prosecutor did not allow the jury to take notes during trial. He asserts that the Crime Lab manufactured false evidence which the prosecutor presented to the jury knowing it was false. He alleges throughout the Complaint that the misconduct of the Defendants resulted in his unlawful conviction and imprisonment. The Complaint seeks monetary damages.

## II.

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III.

Plaintiff alleges that the various actions by the Defendants resulted in his unlawful conviction and sentence. Plaintiff's complaint is barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held such claims to be improper:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, 512 U.S. at 486-87.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Nevertheless, the Court cannot convert this matter into a (second) petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to re-file it as a petition for writ of habeas corpus. *Id.* Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

Because Plaintiff has already been denied federal habeas relief, if he wishes to pursue such relief again he is required to first obtain permission from the United States Court of Appeals for the Sixth Circuit. See 28 U.S.C. § 2244(b).

**IV.**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Accordingly, it is **ORDERED** that the complaint is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: May 21, 2018                                     s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2018.

                            s/Kelly Winslow
                            KELLY WINSLOW, Case Manager